UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, <br><br> In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, | ) ) ) ) ) ) ) ) ) ) ) | No. 1:14-ml-02570-RLY-TAB |

**ORDER ON APRIL 30, 2015, STATUS CONFERENCE**

Parties appeared by counsel on April 30, 2015, for a telephonic status conference. The Court heard argument on two discovery issues.

First, the Court considered whether communications between Cook and its in-house counsel that relate to this litigation and post-date February 23, 2010 (when Cook was first on notice of possible litigation involving the at-issue IVC filters) needed to be listed on a privilege log. The Court ruled that such communication need not be listed. This is an MDL case involving an enormous amount of documents. The 1993 advisory committee notes to Fed. R. Civ. P. 26(b)(5) specifically recognize that privilege logs may be scaled back in cases involving a voluminous amount of information. Cook represented to the Court that adding these entries to the privilege log would more than double the size of the privilege log. Cook further represented that it will log communications with in-house counsel that are responsive and are not related to the litigation.

Given the direction in the advisory committee notes, the massive amount of documents at issue, Cook's reasonable approach, and the desire to focus on meaningful discovery rather than on logging privileged entries, the Court overruled Plaintiffs' objections. This ruling is without prejudice to Plaintiffs' ability to file a five-page brief further addressing this issue (and for Cook to respond in kind). However, given the argument that transpired and the Court's familiarity with privilege log issues, the Court does not anticipate altering its ruling.

Second, the Court considered Cook's use of an attorneys' eyes only designation. Plaintiffs argued that the definition of what documents constitute AEO documents is overbroad, and urged the Court to either require the definition to be narrowed or discarded. The Court declines to discard the AEO designation. Cook represented to the Court that 99% of all documents produced in this case do not have an AEO designation. Cook does not appear to be using this designation improperly, and given that some documents in this litigation may indeed be highly confidential, abandoning the AEO provision completely is not justified.

However, the Court agrees with Plaintiffs that Cook's definition of AEO materials – which includes proprietary, financial, and commercial data – is overbroad. The Court ordered Cook to narrow its definition of AEO documents and recommended using specific examples of AEO documents as opposed to using broad categories of documents.

Date: 5/1/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record via email. Distribution to all remaining counsel of record to be made by Plaintiffs' Lead Counsel